UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------

STEVEN DICKMAN,

                    Plaintiff,

          v.

SOCIAL SECURITY ADMINISTRATION,

                    Defendant.

-------------------------------------------------------------

**<u>MEMORANDUM AND ORDER</u>**
17-CV-7062 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Steven Dickman, proceeding *pro se*, commenced this action against Defendant

Social Security Administration on November 30, 2017, seeking retroactive social security benefits.

(Compl., Docket Entry No. 1.)  Plaintiff's request to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915 is granted for the purpose of this decision.  For the reasons discussed below, the

Complaint is dismissed without prejudice.  Plaintiff may refile this action once he has exhausted his

administrative remedies.

## I. Background

The Court assumes the truth of the factual allegations in the Complaint for the purpose of

this Memorandum and Order.  Plaintiff is currently seventy-two years old and claims entitlement to

social security benefits on account of his age.  (Compl. at 5.)  On September 11, 2015, Plaintiff was

sentenced to thirty-three months of incarceration followed by two years of supervised release.

(Mar. 1, 2017 Letter from United States Probation Officer Charnice D. Perez ("Mar. 1, 2017

Letter"), annexed to Compl. as Ex. B.)  On December 27, 2016, Plaintiff was released from custody

and commenced his term of supervised release.  (*Id.*)  Plaintiff alleges that "[f]ollowing December

27, 2016, [he] was not a 'resident' of what is characterized as a 'halfway house' and was at that time in the status of 'probation.'" (Compl. at 2.) Plaintiff alleges that he was therefore entitled to social security benefits beginning January 1, 2017, (*id.* at 3), and is owed retroactive benefits of $1107 per month for the period of January 1, 2017 through October 31, 2017, (*id.* at 5). However, despite multiple requests to representatives at the Social Security Administration office located at 7714 17th Avenue in Brooklyn, New York, Plaintiff has not received proper payment. (*Id.* at 3–6.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks

2

subject-matter jurisdiction, the Court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also*

*Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015)

(A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule

12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting

*Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. The Court lacks subject matter jurisdiction over Plaintiff's claim

The Court cannot exercise jurisdiction over Plaintiff's claim because it does not appear that

Plaintiff has exhausted his administrative remedies.

Section 405(g) of the Social Security Act requires that a plaintiff first exhaust his

administrative remedies prior to seeking review of a decision of the Commissioner of Social

Security (the "Commissioner"), and that an appeal to federal court must be from a "final decision"

of the Commissioner.  42 U.S.C. § 405(g); *see also Sims v. Apfel*, 530 U.S. 103, 107 (2000);

*Norman v. Astrue*, 912 F. Supp. 2d 33, 40 (S.D.N.Y. 2012) ("[T]he [Commissioner's] 'final

decision' is a prerequisite to subject matter jurisdiction in the district court and consists of two

components, a presentment requirement and an exhaustion requirement." (quoting *Ryan v. Bentsen*,

12 F.3d 245, 247 (D.C. Cir. 1993))).  The statute also provides that there shall be no review other

than that provided in section 405(g).  42 U.S.C. § 405(h).  Under 20 C.F.R. § 404.900, a social

security claimant must obtain a final decision by exhausting a four-step administrative review

process.  *See* 20 C.F.R. § 404.900(a).  Moreover, "[t]hese four steps must be requested by a

claimant within certain time periods and in the following order: (1) initial determination; (2)

reconsideration determination; (3) hearing before an administrative law judge; (4) and Appeals

Council review."  *Brown v. Colvin*, No. 16-CV-675, 2016 WL 614675, at *1 (E.D.N.Y. Feb. 12,

2016) (citing 42 U.S.C. § 405(g)).

Under certain circumstances, the exhaustion requirement may be waived either by the Commissioner or by the Court. *Steadman v. Colvin*, No. 14-CV-7495, 2015 WL 4393022, at *5 (S.D.N.Y. July 14, 2015) (adopting report and recommendation). The exhaustion requirement may be waived when: "(1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would have been futile; and (3) a plaintiff would suffer irreparable harm if required to exhaust administrative remedies." *Id.* "[N]o one element is critical to the resolution of the exhaustion issue; rather, a more general approach balancing the competing considerations to arrive at a just result, is in order." *Id.* (alteration omitted) (quoting *Pavano v. Shalala,* 95 F.3d 147, 150 (2d Cir. 1996)).

Here, Plaintiff has not set forth any allegations suggesting that he obtained a final decision from the Commissioner concerning a claim for benefits, that an administrative hearing on the matter was held, or that he complied with the administrative review process under the Social Security Act. In addition, Plaintiff does not plead any facts warranting the Court's waiver of the administrative process. Accordingly, the Court is without jurisdiction to hear Plaintiff's claim. *See Iwachi v. Massanari*, 125 F. App'x 330, 332 (2d Cir. 2005) ("The Commissioner's decision does not become 'final' until 'after the Appeals Council has denied review or decide the case after review.'" (first quoting *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995), *aff'd*, 101 F.3d 681 (2d Cir. 1996); and then citing 20 C.F.R. § 404.981, § 416.1481); *see also Joseph v. Soc. Sec. Admin.*, No. 16-CV-3377, 2017 WL 1067804, at *4 (E.D.N.Y. Feb. 28, 2017), *report and recommendation adopted sub nom Joseph v. Soc. Sec. Office*, No. 16-CV-3377, 2017 WL 1078570 (E.D.N.Y. Mar. 20, 2017); *Brown*, 2016 WL 614675, at *2.

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated:  December 29, 2017
          Brooklyn, New York